# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) <br> ) Case No. 1:06CR00018 <br> ) Case No. 2:05CR00029 <br> ) <br> v. ) **OPINION** <br> ) <br> **MICHAEL DAVID BEAR**, ) By: James P. Jones <br> ) United States District Judge <br> Defendant. ) | |

*Michael David Bear, Pro Se Defendant.*

In each of these cases, the defendant is pursuing a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the motions must be summarily dismissed as untimely filed.

I

Michael David Bear faced charges in this court in two separate indictments. In the first case, No. 2:05CR00029, he pleaded not guilty to charges that he conspired to distribute cocaine and related firearms charges. After a jury trial, he was convicted on all charges. In the second case, No. 1:06CR00018, Bear pleaded guilty, pursuant

to a written plea agreement, of two counts of using interstate facilities to commit murder for hire.

Bear was sentenced in both cases on April 19, 2007. For the drug trafficking and firearms offenses, the court sentenced him to a total of 180 months imprisonment. For the offenses in the second case, the court sentenced him to a total of 240 months imprisonment. Judgment was entered in both cases on April 20, 2007. Bear did not appeal in either case.

On June 1, 2010, Bear filed a pleading in both of his cases, entitled "Motion to File a Delayed Direct Appeal," alleging that his trial attorney failed to file a notice of appeal after being requested to do so. By order entered June 2, 2010, Bear was notified of the court's intention to construe and address his submissions as § 2255 motions, unless he expressly objected within ten days. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring court to give defendant opportunity to elect whether criminal motion be addressed as defendant's initial § 2255 motion). The court also notified Bear that his § 2255 motions appeared to be untimely filed and warned him that if he wished to pursue his claims as § 2255 motions, he should provide the court with any additional evidence regarding the timeliness of the motions.

In each of his cases, Bear has filed a motion which the court construes as his election, pursuant to *Castro*, to pursue his claim of ineffective assistance as a § 2255 motion.[1] Therefore, in each case, I will review his "Motion to File a Delayed Direct Appeal," as a § 2255 motion.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[1] Bear filed an earlier response, indicating that he did not intend to file a § 2255 motion, that he simply wanted the court to reopen his opportunity to appeal the judgments. In Case No. 2:05CR00029, the court construed this response as Bear's election against proceeding under § 2255, dismissed the § 2255 motion in that case without prejudice, pursuant to *Castro*, and did a separate order denying Bear's motion requesting reopening of the appeal time. (DE 84, 85.) Bear then submitted his current motion (DE 86), clarifying his intention for the court to address his ineffective assistance claims under § 2255. In Case No. 2:05CR00029, I will, therefore, reinstate the § 2255 motion to the active docket.

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Under § 2255(f)(1), a defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires without a notice of appeal having been filed. *See Clay v. United States*, 537 U.S. 522, 525 (2003). At the time when the court entered the criminal judgments against Bear, on April 20, 2007, Fed. R. App. P 4(b)(1)(A) provided that a notice of appeal had to be filed in the district court within ten days after entry of the judgment from which the defendant wished to appeal, and pursuant to Fed. R. App. P. 26(a), weekends and holidays were not counted in calculating the ten-day period.[2] Under these rules,

---

[2] Pursuant to amendments that took effect in December 2009, Rule 4(b)(1)(A) now requires a notice of appeal to be filed within fourteen days after entry of the judgment. Rule 26(a)(1)(B) directs that all days be counted in calculating a period of days, including holidays and weekend days, unless the last day of the period falls on a holiday or weekend.

- 4 -

Bear's opportunity to appeal the court's judgment in each of his cases expired on May 4, 2007. On that date, pursuant to § 2255(f)(1), his one-year period in which to file a § 2255 motion began to run in both cases. That filing period expired on May 5, 2008.

For purposes of this opinion, I will assume that Bear filed his § 2255 motions on May 27, 2010, the date on which he signed and dated them. *See* Rule 3(d) of the Rules Governing § 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner pleadings considered filed on date delivered to prison authorities for mailing). Even assigning May 27, 2010 as the date of filing, however, it is clear that these motions were not filed within one year of the date on which Bear's convictions became final under § 2255(f)(1). Therefore, the motions are untimely filed under this section, and Bear does not offer any ground on which his § 2255 filing period could be calculated under any of the other subsections of § 2255(f).

Equitable tolling of the statute of limitations is available under § 2255. *Holland v. Florida*, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010). A habeas petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *Id.* at *12

Bear appears to argue that the one-year filing period in his cases should be equitably tolled. First, he states that at sentencing, he asked his attorney to file a notice of appeal, but counsel did not do so. Second, Bear asserts that his § 2255 filing period was "tolled" from April 19, 2007, the date of sentencing, until August 2009, because Bear was in state custody in Tennessee during this period.

I cannot find that his allegations are sufficient to warrant application of equitable tolling in his cases. Ineffective assistance of counsel regarding the filing of an appeal could provide grounds for equitable tolling of the § 2255 period for a time, if the defendant forewent filing a timely § 2255 motion based on a reasonable belief that counsel had filed an appeal. However, although expressly directed to provide any additional information about the timeliness of his motions, Bear does not present any facts regarding how counsel's failure to file a notice of appeal prevented Bear from filing a timely § 2255 motion. He does not allege that counsel promised to file a notice of appeal or even that he believed counsel was going to file a notice of appeal. He merely alleges that he asked for an appeal, and counsel did not file one. This allegation is not a sufficient basis from which to infer that Bear reasonably believed for any period of time after sentencing that counsel had filed a notice of appeal.

Moreover, Bear does not allege making any inquiries to the court about whether an appeal was pending or provide information about when and how he learned that no

appeal had been filed.  The docket indicates that in March 2009, while still in state custody in Tennessee, he wrote to the court, asking for copies of transcripts and other items from his cases.  In that letter, he does not make any mention of an appeal.

Finally, Bear does not allege any facts indicating that his incarceration in Tennessee prevented him from filing timely § 2255 motions in these cases.  The fact that he was in state custody immediately after his federal sentencings is not an extraordinary circumstance so as to warrant application of equitable tolling.  In short, Bear fails to provide any ground on which equitable tolling should be applied to render his § 2255 motions timely filed.

III

For these reasons, the present motions are untimely and will be denied.

A separate Final Order will be entered herewith.

DATED: July 14, 2010

/s/ JAMES P. JONES
United States District Judge